UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WESTON SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, a public entity, DONNY YOUNGBLOOD, an individual,<br><br>    Defendants. | No. 1:15-cv-01749-MCE-JLT<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Anthony Weston Smith ("Plaintiff") seeks redress for injuries he allegedly sustained as a pre-trial detainee at the Lerdo Detention Facility which Plaintiff alleges is operated, staffed and maintained by the Kern County Sheriff's Department. Plaintiff has sued both the County of Kern and Kern County Sheriff Donny Youngblood. Both Defendants now move to dismiss portions of Plaintiff's Complaint for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6).[1] Defendants also move to strike language from Plaintiff's Complaint on grounds that it is impertinent, irrelevant and redundant and consequently should be stricken under Rule 12(f). As set forth below, Defendants' Motion is GRANTED in part and DENIED in part.[2]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

## BACKGROUND

According to the Complaint, Plaintiff began suffering seizures in July of 2004 after serving in the Marine Corps.  On November 11, 2014, Plaintiff alleges he had a seizure while driving home that caused him to hit a parked car.  Officers responding to the scene observed loose guns and ammunition in Plaintiff's vehicle, and after being medically cleared, Plaintiff states he was arrested on gun charges and for driving on a suspended license.  Because he was initially unable to post $500 bail, Plaintiff was transported on November 13, 2014 to the Lerdo Detention Facility which, as stated above, is operated by the Kern County Sheriff's Department.  See Compl., ¶¶ 12-13.

Plaintiff contends that upon arrival he was attacked by a group of white inmates after he declined to be a "skin."  After being knocked to the ground, Plaintiff was repeatedly kicked, stomped and punched.  Id. at ¶ 15.  As a result of the attack, Plaintiff claims his teeth were pushed to the back of his throat, he suffered broken teeth and required dental work, his upper jaw was fractured in three places, his nose was broken, his left eye socket was shattered and the lower bones of his right eye socket were also fractured.  Plaintiff also claims he sustained traumatic brain injuries.  Id. at ¶ 21.

Despite the severity of the attack, Plaintiff asserts that at no time did any prison guards try to intervene or stop the altercation.  Id. at ¶ 15.  By placing misdemeanor pretrial detainees like Plaintiff into poorly supervised dormitory type facilities where they were subject to gang assault, Plaintiff claims he was subject to an unreasonable risk of harm.  Id. at ¶ 16.   Plaintiff identifies a whole host of grounds for claiming deliberate indifference on Defendant's part, including failing to safeguard inmate security by providing adequate staff, failing to reasonably assess vulnerable inmates, recklessly mixing dangerous inmates with pretrial detainees held on petty charges, failing to investigate and prosecute and/or document incidents of violence, and failure to respond to reasonably foreseeable changes in inmate population.  Id.   Plaintiff also includes factual specifics to support these allegations.  He alleges that on or about October 4,

2014, about a month before he was beaten, another inmate named Christopher Pettenger was beaten to death by other inmates at the Lerdo Detention Facility which put Defendants on actual constructive notice of the Facility's dangerous conditions. Id. at ¶ 17. Plaintiff goes on to assert that Defendants knew, or reasonably should have known, that their failure to properly supervise inmates at the Facility was exacerbated and/or created by California Assembly Bill 109's "prison realignment" legislation, which permitted more inmates to be held at the county level as opposed to state prison. The resulting increase in the transfer of dangerous inmates to the Facility, according to Plaintiff, also posed an increasd safety risk. Id. at ¶18. Plaintiff further asserts that these dangers were also recognized by the 2013-14 Kern County Grand Jury's Law and Justice Committee, which found that the Lerdo Detention Facility may no longer be capable of both adequately housing prisoners transferred from state prisons and maintain a safe inmate to staff ratio.³ Plaintiff contends these findings should have been available to Defendants before he was injured. Id. at ¶ 19.

Plaintiff concludes that Defendants' actions in continuing to operate the Lerdo Facility without addressing these problems amounted to a "policy, custom or practice with respect to inmate housing and supervision in the face of [an] influx of additional felons and gang members" that resulted in a deprivation of his constitutional rights. Id. at ¶ 20.

## STANDARD

**A. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

---

³ Plaintiff requests that the Court judicially notice the Committee's Report under Federal Rule of Evidence 201. That request is unopposed and is GRANTED.

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no

1  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
2  to the opposing party by virtue of allowance of the amendment, [or] futility of the
3  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
4  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
5  be considered when deciding whether to grant leave to amend).  Not all of these factors
6  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
7  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
8  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
9  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,
10 Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
11 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
12 1989) ("Leave need not be granted where the amendment of the complaint . . .
13 constitutes an exercise in futility . . . .")).

14      **B.  Motion to Strike**

15      The Court may strike "from any pleading any insufficient defense or any
16 redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he
17 function of a 12(f) motion to strike is to avoid the expenditure of time and money that
18 must arise from litigating spurious issues by dispensing with those issues prior to trial...."
19 Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial
20 matter is that which has no essential or important relationship to the claim for relief or the
21 defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993),
22 rev'd on other *grounds* 510 U.S. 517 (1994) (internal citations and quotations omitted).
23 Impertinent matter consists of statements that do not pertain, and are not necessary, to
24 the issues in question.  Id.
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**A. Motion to Dismiss**

Plaintiff's Third Cause of Action, brought solely against Defendant Kern County, is premised on an argument that the County pursued a deliberate policy, custom, and practice that was the moving force behind his injury and consequently creates municipal liability on the County's part in accordance with the Supreme Court's holding in Monell v. Dep't of Soc. Services of New York, 436 U.S. 658 (1978).  Defendant Kern County argues that Plaintiff has failed to state a viable Monell claim.  Plaintiff claims, however, that the County failed to take appropriate corrective measures following the violent death, just one month earlier, of another inmate at the same Facility where Plaintiff was injured.  Plaintiff further contends that Defendants ignored similarly close-in-time findings by the Kern County Grand Jury that prison realignment legislation had affected Lerdo's ability to safeguard misdemeanor detainees, like Plaintiff, from an influx of violent gang-affiliated inmates from state prisons.  Defendant rejects those contentions as conclusory allegations "having little or no connection to the underlying incident."  Defs.' Mot., 7: 13-14.  The Court disagrees, and finds that Kern County's alleged inaction in the face of this specific information unquestionably constitutes enough of a custom, practice or policy to survive pleading scrutiny as to Plaintiff's Monell claim.

For his Fourth Cause of Action, Plaintiff alleges state law negligence claim against both Kern County and Sheriff Youngblood.  The County, however, is immune for liability claims under state law for injury to a prisoner, and common-law negligence is such a claim.  See Cal. Gov't Code § 844.6(a)(2); Reed v. County of Santa Cruz, 37 Cal. App. 4th 1274 (1995).  Plaintiff concedes the shortcomings of his negligence claim against the County in this regard (see Pl.'s Opp'n, 11:17-20), but nonetheless argues that Sheriff Youngblood should be subject to negligence liability.

As a preliminary manner, the fundamental basis for any claim against Youngblood is unclear.  Although Plaintiff's Opposition seems to indicate that Sheriff Youngblood is

6

named in both his official and personal capacities (see id. at 9:16-18), examination of the Complaint itself provides no clarity in that regard, and it is notably bereft of any allegations of personal liability.  Absent such clarification, and without more particularity, Youngblood cannot be reasonably expected to have notice of the charges made against him.  Consequently, all allegations against Youngblood are dismissed for failure to state a viable claim at this time.

### B.  Motion to Strike

In requesting that the Court strike various allegations from Plaintiff's Complaint, Defendants first take aim at those provisions of the First, Second and Third Causes of Action which allege both a deprivation of Plaintiff's Constitutional Rights under the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983.  Defendants correctly point out that as a pretrial detainee, the constitutional rights asserted by Plaintiff sound in due process under the Fourteenth Amendment, as opposed to protections from cruel and unusual punishment under the Eighth Amendment.   Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1991); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Plaintiff does not dispute this, and claims he included Eighth Amendment allegations only "out of an overabundance of caution should the standard change while this case is being litigat[ed]."  Pl.'s Opp'n, 6:20-22.  The Court agrees with Defendants, however, that such "caution" does not transform otherwise invalid claims to claims that Defendants should be held to answer.  Consequently, all references to the Eighth Amendment must be stricken from Plaintiff's First, Second and Third Causes of Action.

Defendants next allege that the First, Second and Third Causes of Action, which all are premised on a contention that Defendants were deliberately indifferent to Plaintiff's constitutional rights under the Fourteenth Amendment, improperly contain language pertaining not to deliberate indifference but to negligence liability.  Paragraphs 32 and 33 of Plaintiff's First Cause of Action refer to negligent and careless conduct.  Similarly, the Second and Third Causes of Action use the same language. Pl.'s Compl., ¶¶ 41, 50.

To prevail on either the First, Second or Third Causes of Action, Plaintiff must unquestionably plead and prove deliberate indifference. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010). Deliberate indifference is demonstrated by a "purposeful act or failure to respond" to a prisoner's needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). It requires "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994); Whitley v. Albers, 475 U.S. 312, 319 (1986). Mere negligence will accordingly not suffice. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). Consequently, Plaintiff's references to negligent and careless behavior in the above-referenced paragraphs must be stricken.[4]

Finally, Defendants urge the Court to strike the Second Cause of Action in its entirety as redundant of the First Cause of Action. Defendants correctly point out that the Second Cause of Action's allegation of due process violations under the Fourteenth Amendment is the same contention previously made in the First Cause of Action. Therefore, the Second Cause of Action is stricken in its entirety on redundancy grounds.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED in Part and DENIED in part. As conceded by Plaintiff, the Fourth Cause of Action, to the extent it includes the County of Kern, fails to state a viable claim and the County is consequently DISMISSED from that cause of action. Moreover, all allegations

---

[4] Defendants also move to strike those portions of Plaintiff's preliminary Factual Allegations that contain language sounding in negligence (in ¶¶ 16, and 22), as well as paragraphs incorporating those claims into the First, Second and Third Causes of Action. Inasmuch as ¶16(m) improperly includes negligence within a list of allegations claimed to constitute deliberate indifference, that subparagraph is stricken. ¶ 22, however, is a general negligence allegation that may be proper should Plaintiff ultimately be successful in stating a negligence claim against Sheriff Youngblood. Consequently the Court declines to strike ¶ 22 at this time. ¶ 22 cannot, however, be incorporated by reference into the First, Second, or Third Cause of Action. The bottom line is that because those causes of action all depend on deliberate indifference as opposed to negligence, any allegation incorporated into those claims sounding in negligence is improper.

against Defendant Youngblood are denied as insufficient on grounds that it cannot be determined from the Complaint whether Youngblood is being sued in his official or personal capacity.   Defendants' Motion to Dismiss is, however, DENIED as to the Third Cause of Action which suffices for pleadings purposes.

Defendants' request to strike all allegations in the First, Second and Third Causes of Action which purport to be based on the Eighth Amendment is granted.  All allegations pertaining to negligent or careless conduct, to the extent those allegations pertain to the First, Second or Third Causes of Action, are also stricken.  Finally, the Second Cause of Action is stricken in any event as redundant to the allegations already made in the First Cause of Action.

Plaintiff may file a First Amended Complaint within twenty (20) days following the date this Memorandum and Order is electronically filed, should he wish to do so.

IT IS SO ORDERED.

Dated:  August 12, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE