RALPH B. WEGIS, SBN 67966
LAW OFFICES OF RALPH B. WEGIS
1930 TRUXTUN AVENUE
BAKERSFIELD, CALIFORNIA 93301
TELEPHONE: (661) 635-2100
FAX: (661) 635-2107
rwegis@ralphwegis.com

Attorneys for Claimant, WESTON ANTHONY SMITH


THERESA A. GOLDNER, COUNTY COUNSEL
By: MARSHALL S. FONTES, DEPUTY (SBN 139567)
KATHLEEN RIVERA (SBN 211606)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendant County of Kern

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN, a public entity,<br>DONNY YOUNGBLOOD, an individual<br><br>Defendants. | CASE NO: 15-cv-01749-MCE-JLT<br><br>**STIPULATION AND ORDER FOR 90 DAY CONTINUANCE OF DATES SET IN PRETRIAL SCHEDULING ORDER** |

   COME NOW, Plaintiff, Weston Anthony Smith, and Defendants, County of Kern and Donny Youngblood, who have met and conferred through their respective attorneys of record, and now make this joint stipulated request of the Court:

///

**REPRESENTATIONS AND JOINT STIPULATION AND REQUEST:**

1. The complaint in this matter was filed on November 17, 2015 (Docket No. 2).

2. The defendants filed a Motion to Dismiss and Motion to Strike on December 22, 2015 (Docket No. 12). The motion was timely opposed by plaintiff (Docket No. 17) and the defendants filed their reply on February 4, 2016 (Docket No. 21). The Court took the matter under submission without oral argument (Docket No. 23).

3. The Court issued its Pretrial Scheduling Order on March 1, 2016 (Docket No. 24), setting the following dates:

   (a) All discovery, with the exception of expert discovery, shall be completed by **October 21, 2016;**

   (b) All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **December 21, 2016**;

   (c) Each party is directed to submit to the chambers of Judge Jennifer L. Thurston confidential settlement conference statements not later than **October 21, 2016;**

   (d) A Settlement Conference is set before Judge Jennifer L. Thurston on **October 28, 2016, at 9:30 a.m.**

   (e) The last day for hearing of a dispositive motion is **April 20, 2017**.

4. After meeting and conferring, the parties have agreed to a 90 day continuance of the above referenced deadlines for the reasons set forth below.

5. While the Defendants' Motion to Dismiss has been under submission, the parties have engaged in discovery, even though the case is not yet at-issue, in order to comply with the scheduling dates. This has included the following:

   (a) On May 18, 2016, defendants served Special Interrogatories, Set No. 1, on the plaintiff, as well as a Demand for Production, Set No. 1.

   (b) On June 2, 2016, plaintiff served a Request for Production of Documents, Set No. 1 to each defendant, the County and Sheriff Youngblood. This discovery, among other issues, sought to develop the County and Sheriff's affirmative defenses;

(c)     On June 6, 2016, plaintiff also served a Request to for Production of Documents, Set No. 2, and Special Interrogatories, Set No. 2 to the County, seeking critical information needed to prepare the case for trial and allow for meaningful further discovery, including depositions;

(d)     The parties required various extensions of time to respond to discovery. Plaintiff responded to the discovery propounded by defendants on July 13, 2016. The County and Youngblood served responses to the discovery from plaintiff on July 26, 2016 and August 2, 2016;

(e)     Because the Motion to Dismiss was still under submission, and no answer was yet on file, the County and Youngblood declined, in their responses to plaintiff's first set of discovery, to respond to discovery about their potential affirmative defenses;

(f)     Plaintiff's counsel sent correspondence regarding the defendants' discovery responses to counsel for the County and Youngblood on August 8, 15 and 16, 2016. Plaintiff has maintained that the affirmative defenses were discoverable as contentions in the meet and confer on August 8, 2016. Further, plaintiff raised numerous alleged insufficiencies with the responses and requested a privilege log;

(g)     Defense counsel responded to plaintiff's counsel's letter of August 8, 2016 relative to discovery of any potential affirmative defenses on August 15, 2016.

(h)      The parties are in the process of preparing a stipulation for protective order to facilitate discovery of otherwise confidential matters, which was raised by plaintiff's counsel's email of August 16, 2017.

(i)     In response to plaintiff's correspondence of August 15, 2016, in which a reply was requested by August 19, 2016, defense counsel emailed plaintiff's counsel on August 16, 2016, to the effect that: "Please be advised that I am out of the office in depositions this entire week. Additionally, my contact person at the Kern County Sheriff's Office is on vacation until Monday, August 22nd. Accordingly, I will provide you with a response to your letter and advise as to whether the Sheriff's Office is willing to supplement its responses by next Tuesday, August 23rd."

(j) The parties currently have significant discovery disputes, and scheduling issues which prevent the defendants from responding to meet and confer efforts on existing discovery responses until August 23, 2016;

(k) While the parties have been engaged in the exchange of multiple sets of written discovery requests, as described herein, no depositions have yet been taken.

6. On August 12, 2016, the Court issued its ruling on the Motion to Dismiss and Motion to strike, granting it in part and denying it in part. The Order also granted plaintiff 20 days leave to file a First Amended Complaint (Docket No. 26).

7. At the present, the case is still not at issue, the defendants have not filed an answer, and plaintiff has not learned defendants' affirmative defenses;

8. In light of the foregoing, the existing deadlines are unrealistic and prejudicial to the parties, who have not yet been able to complete written discovery, including discovery concerning the affirmative defenses that the defendants intend to assert, and have not yet been able to schedule depositions.

9. Additionally, a settlement conference will not be productive until the case is at issue and all parties have had the opportunity to fully complete non-expert discovery.

10. Therefore, Plaintiff and Defendants stipulate that the Court continue the following dates, and propose the following Discovery Deadlines:

|  | Current Date: | Proposed New Date: |
| --- | --- | --- |
| Non-Expert Discovery Deadline: | 10/21/16 | 1/19/17 |
| Expert Disclosure: | 12/21/16 | 3/21/17 |
| Settlement Conference Statements | 10/21/16 | 1/19/17 |
| Mandatory Settlement Conference | 10/28/16 | 1/26/17 |
| Dispositive Motions Hearing | 4/20/17 | 7/19/17 |

///
///
///

| | |
|---|---|
| DATED:  August 30, 2016 | LAW OFFICES OF RALPH B. WEGIS |
| | /s/  Ralph B. Wegis                        .<br>RALPH B. WEGIS<br>Attorneys for Plaintiff,<br>WESTON ANTHONY SMITH |
| DATED:  August 30, 2016 | OFFICE OF THE COUNTY COUNSEL |
| | /s/  Marshall S. Fontes                   .<br>MARSHALL S. FONTES,<br>Attorneys for Defendants, COUNTY OF KERN, and DONNY YOUNGBLOOD |

**ORDER**

For GOOD CAUSE shown, and based upon the mutual Stipulation of all parties to this action, the court hereby continues the following dates:

| | Current Date: | New Date: |
|---|---|---|
| Non-Expert Discovery Deadline: | 10/21/16 | 1/19/17 |
| Expert Disclosure: | 12/21/16 | 3/21/17 |
| Settlement Conference Statements | 10/21/16 | See Amended Scheduling Order |
| Mandatory Settlement Conference | 10/28/16 | See Amended Scheduling Order |
| Dispositive Motions Hearing | 4/20/17 | See Amended Scheduling Order |

An amended Pretrial Scheduling Order will be separately issued which incorporates these continued dates and deadlines.

IT IS SO ORDERED.

Dated:  August 30, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE