# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01749 MCE JLT<br><br>ORDER CHANGING LOCATION OF THE SETTLEMENT CONFERENCE; ORDER REGARDING SETTLEMENT CONFERENCE |

Related to the settlement conference set on January 25, 2017, the Court **ORDERS**:

1. The settlement conference will occur at the United States Courthouse, located at 510 19th Street, Bakersfield, CA.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[1] at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference:

　　　　a.　　**At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

Defendant via fax or e-mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate;

  b. Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful[2] counteroffer, which includes a brief explanation of why such a settlement is appropriate.

  c. If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

  d. **No later than January 18, 2017** the Settlement Conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to JLTOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon;

  e. The Confidential Settlement Conference Statement shall include the following:

   A. A brief statement of the facts of the case;

   B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute;

   C. A summary of the proceedings to date;

   D. An estimate of the cost and time to be expended for further discovery, pretrial and trial;

   E. The relief sought;

///

///

---

[2] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which bears no rationale relationship to the likely outcome of the case or that which the offering party knows will not be acceptable to the other party.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated: __September 14, 2016__         /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE