**RALPH B. WEGIS, SBN 67966**
**LAW OFFICES OF RALPH B. WEGIS**
**1930 TRUXTUN AVENUE**
**BAKERSFIELD, CALIFORNIA 93301**
**TELEPHONE: (661) 635-2100**
**FAX: (661) 635-2107**
**rwegis@ralphwegis.com**

**Attorneys for Plaintiff,**
**WESTON ANTHONY SMITH**

**MARK L. NATIONS, COUNTY COUNSEL**
**By: MARSHALL S. FONTES, DEPUTY (SBN 139567)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants, COUNTY OF KERN**
**and DONNY YOUNGBLOOD**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF KERN, a public entity, DONNY YOUNGBLOOD, an individual <br><br> Defendants. | CASE NO: 1:15-cv-01749-MCE-JLT <br><br> **STIPULATION AND ORDER FOR 90 DAY CONTINUANCE OF DISCOVERY CUTOFF DATES** |

    Plaintiff, Weston Anthony Smith, and Defendants, County of Kern and Donny Youngblood, have met and conferred through their respective attorneys of record, and hereby make this joint stipulated request of the Court that the current case schedule be amended as set forth below.

_____
Stipulation and Order to Continue Discovery Cutoff Dates
1

1     **WHEREAS**: This request for a continuance is based upon the health of defense counsel,
2 Mr. Fontes, which has caused a delay in the scheduling of discovery, as set forth in the
3 accompanying declaration.
4     **WHEREAS**: MARSHALL S. FONTES, represents he is a deputy County Counsel in
5 the Office of County Counsel for the County of Kern and at all relevant times has been the sole
6 attorney within our office that is assigned to handle the defense of this litigation.
7     **WHEREAS:** Defendant represents in June of 2017, Mr. FONTES was diagnosed with a
8 herniated disc at L4/5 with pain radiating down both lower extremities. He has been receiving
9 periodic epidural injections to combat the pain from this condition. In September of 2017, he
10 was diagnosed with arthritic changes in the medial compartment of the right knee. He has been
11 receiving steroid injections for this condition, pending his ability to obtain medical clearance for
12 a knee replacement surgery. The planned surgery was originally scheduled for December of
13 2017, but cancelled due to an infection. He planned to seek medical clearance and reschedule the
14 knee surgery in March 2018. However, he began experiencing chest pain in late February of
15 2018. He went to his primary care physician who referred him to a cardiologist. He saw the
16 cardiologist in early March of 2018, who diagnosed angina, and scheduled him for a radioisotope
17 stress test. The stress test was performed on March 12, 208.
18     **WHEREAS**: Defendantfurther represents at MR. FONTES' follow up appointment with
19 the cardiologist on March 17, 2018, he was informed that the results of the stress test showed
20 moderate blockage of the distal lateral anterior descending coronary artery. He most recently
21 returned to the cardiologist on June 15, 2018, who has now recommended an angiogram with
22 possible placement of a stint. The procedure has not yet been scheduled, pending approval by
23 his medical insurance company. It is anticipated that this procedure will occur sometime on or
24 before July 11, 2018. Because of the aforementioned health issues, he has been able to receive
25 clearance for the knee surgery, and can no longer receive epidurals for the lower back pain, until
26 he is cleared by my cardiologist. As a consequence, he has continued to have chest pain and
27 shortness of breath, and his ability to stand, sit or walk for prolonged periods of time has been
28 limited due to pain. The amount of time that he has been capable of working each week has been

significantly curtailed as a result of these conditions, which has slowed the progress of this case. Once the angiogram is completed, it is anticipated that medical clearance will be given for further lumbar epidurals and knee injections which will allow for his full return to work and the completion of the outstanding discovery within the requested time frame.

**WHEREAS:** MR. FONTES further represents it is his intention to postpone the knee surgery until after the completion of discovery in this case.

**WHEREAS**: The parties have been diligently attempting to complete all necessary discovery, to the extent possible due to my health conditions.  This discovery has included the performance of an inspection of the Lerdo Pre-trial Facility without photography, the exchange of a  written discovery and production of records relating to issues of both liability and damages, numbering in the thousands, the subpoenaing of third party records regarding plaintiff's medical treatment and billings and the completion of the depositions of witnesses that were on duty at the time of incident and/or were involved in its investigation, including Deputies A. Gonzalez, Rivero, Dobbs and Harbour, as well as the depositions of several persons most knowledgeable from the County on a variety of topics including: (1) the Prison Realignment Act ("AB 109"), (2) inmate classification, (3) the presence of gangs in the facility and (4) training received by detention deputies on AB 109 and gang culture.

**WHEREA**S: Since the Court's last modification of the schedule and the subsequent development of MR. FONTES'S heart condition, the parties have completed the deposition of the person most knowledgeable on training of detention officers related to the supervision of inmates.  The depositions of plaintiff and five of his family members were scheduled for the last week of April, but were forced to come of calendar due to MR. FONTES' deteriorating health. Additional written discovery has been accomplished with the plaintiff producing approximately 3000 additional pages of discovery relating to his medical treatment.  The parties were also able to informally resolve a discovery dispute related to a second inspection of the Lerdo facility with photography being allowed.

**WHEREAS**: There still remains a significant amount of discovery to be completed, including potential depositions of other persons most qualified on topics relating to the layout of

the Lerdo barracks, the intake process of plaintiff at Lerdo, the depositions of plaintiff, his family members and treating medical providers, a defense medical examination of plaintiff and possibly the deposition of SHERIFF YOUNGBLOOD.

**WHEREAS**: Plaintiffs submit they have been respectfully of MR. FONTES' health conditions as they are unfolded but has sought to take SHERIFF YOUNGBLOOD's deposition on several occasions and have sought to avoid unnecessary law and motion on this issue by cooperation. Additionally, after SHERIFF YOUNGBLOOD'S deposition they may need to be the deposition of witnesses potentially identified in his deposition. Plaintiffs respectfully submit these depositions are critical and respectfully request that they are not penalized for compassionately addressing an opposing counsel's health concerns and avoiding litigation of these issues in formally.

**WHEREAS**: In light of the above described circumstances (as further set forth in the declaration of FONTES below), the existing deadlines are very problematic and would be prejudicial to the parties. The interests of justice would be served by an extension brief time allowing both sides to complete discovery and to allow defendants to have the full participation of their counsel in this process. Accordingly, it is respectfully submitted that good cause exists for the continuance of the discovery cut off dates in this matter.

**WHEREAS:** Plaintiff's counsel has been respectful of defense counsel's medical problems, thus slowing the progression of the discovery and resolution of discovery disputes in this matter. To avoid prejudice to all parties, the parties, therefore, stipulate that a continuance of the current scheduled dates in this case is necessary to allow sufficient time to accommodate the litigants' schedules and allow for the completion of discovery, and request the schedule in this case be amended to reflect the following requested dates:

NOW THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL THAT GOOD CAUSE EXISTS TO CONTINUE ALL DATES AS FOLLOWS:

That the dates set forth in the Court's order on February 16, 2018 (Doc. No. 48) shall be continued approximately 90 days allowing both sides to properly complete discovery and to

1 | allow defendants to have the full participation of their counsel in this process and in the
2 | litigation.
3 |      All discovery, with the exception of expert discovery, shall be completed by **Monday,**
4 | **October 29, 2018**;
5 |      All counsel are to designate in writing, file with the Court, and serve upon all other
6 | parties the name, address, and area of expertise of each expert they propose to tender at trial not
7 | later than **Thursday, December 17, 2018**;
8 |      The last day to hear dispositive motions shall be **Monday, April 11, 2019**.

DATED: June 28, 2018           LAW OFFICES OF RALPH B. WEGIS

                                  /s/    Ralph B. Wegis
                               RALPH B. WEGIS
                               Attorneys for Plaintiff,
                               WESTON ANTHONY SMITH

DATED: June 28, 2018           OFFICE OF THE COUNTY COUNSEL

                                /s/  Marshall S. Fontes
                               MARSHALL S. FONTES,
                               Attorneys for Defendants, COUNTY OF KERN,
                               and DONNY YOUNGBLOOD

**ORDER**

For GOOD CAUSE shown, and based upon the mutual Stipulation of all parties to this action, the Court hereby continues the following dates:

All discovery, with the exception of expert discovery, shall be completed by **Monday, October 29, 2018**;

///

///

1 | All counsel are to designate in writing, file with the Court, and serve upon all other
2 | parties the name, address, and area of expertise of each expert they propose to tender at trial not
3 | later than **Thursday, December 17, 2018**;
4 | The last day to hear dispositive motions shall be **Thursday, April 14, 2019**.
5 | IT IS SO ORDERED.
6 | Dated: July 2, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE