1  **RALPH B. WEGIS, SBN 67966**
   **LAW OFFICES OF RALPH B. WEGIS**
2  **1930 TRUXTUN AVENUE**
3  **BAKERSFIELD, CALIFORNIA 93301**
   **TELEPHONE: (661) 635-2100**
4  **FAX: (661) 635-2107**
   **rwegis@ralphwegis.com**
5
6  **Attorneys for Plaintiff,**
   **WESTON ANTHONY SMITH**
7
8  **MARK L. NATIONS, COUNTY COUNSEL**
   **By: MARSHALL S. FONTES, DEPUTY (SBN 139567)**
9  **Kern County Administrative Center**
   **1115 Truxtun Avenue, Fourth Floor**
10 **Bakersfield, CA 93301**
   **Telephone 661-868-3800**
11 **Fax 661-868-3805**
12
   **Attorneys for Defendants, COUNTY OF KERN**
13 **and DONNY YOUNGBLOOD**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COUNTY OF KERN, a public entity, ) <br> DONNY YOUNGBLOOD, an individual ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | CASE NO: 1:15-cv-01749-MCE-JLT <br><br> **STIPULATION ORDER FOR 90 DAY CONTINUANCE OF DISCOVERY CUTOFF DATES; DECLARATION OF MARSHALL S. FONTES IN SUPPORT THEREOF** |

Plaintiff, Weston Anthony Smith, and Defendants, County of Kern and Donny Youngblood, have met and conferred through their respective attorneys of record, and hereby make this joint stipulated request of the Court that the current case schedule be amended as set forth below.

**WHEREAS**: This request for a continuance is based upon a series of medical crises involving family members of both defense counsel, and plaintiff's counsel, which have occurred since the Court's last modification of the schedule on July 3, 2018, and which has caused a delay in the scheduling of discovery.

**WHEREAS**: MARSHALL S. FONTES, represents he is a deputy County Counsel in the Office of County Counsel for the County of Kern and at all relevant times has been the sole attorney within our office that is assigned to handle the defense of this litigation.

**WHEREAS:** Defense Counsel's wife became suddenly ill and was rushed to the hospital by ambulance on the afternoon of July 13, 2018. She was admitted to the hospital for approximately 5 days and then required home care after discharge on July 18, 2018. After her discharge, defense counsel was taken out of the office for an additional two weeks to assist his wife in her recovery. It was anticipated that her health would improve quickly, but unfortunately that was not the case. After discharge from the hospital, she remained severely anemic, and suffered from dizziness, fatigue, weakness and lethargy. She required assistance with normal daily activities and was unable to drive. Defense Counsel was required to tend to his wife, and take her to appointments for medical visits, diagnostic testing, lab work, and blood/iron infusions, until approximately August 1, 2018.

**WHEREAS:** Upon Defense Counsel's return to his office, a request was made to plaintiff's counsel, for available dates for the depositions of plaintiff and his family members. However, before said depositions could be scheduled, plaintiff's counsel's mother passed away out of state, and caused him to be out of the office for approximately two weeks. Upon his return, the parties were looking to set the depositions in early October of 2018.

**WHEREAS**: On September 25, 2018, defense counsel was called away from his office due to his mother's emergency admission to a local hospital. Counsel's mother remained in the in the intensive care unit at the Bakersfield Heart Hospital, on a ventilator and unconscious for approximately two weeks. Her condition suddenly improved, with her gaining consciousness on Friday October 12, 2018, and being extubated on Monday October 15, 2018. She remained hospitalized until being discharged to a skilled nursing facility on Friday, October 19, 2018. As

her only next of kin, and needed for providing medical consents, defense counsel remained at her bedside with the exception of a few hours for sleep each night during this admission. During the hospitalization, and since her discharge to a skilled nursing facility, she has been required to undergo dialysis. Due to a clogged dialysis catheter, she was transferred back to the hospital on Saturday, October 20, 2018 for its replacement. On Sunday, October 21, 2019, she was again discharged to the skilled nursing facility. Outpatient dialysis was attempted on October 23, 2018, and the catheter clogged again. She underwent another replacement of the catheter on October 24, 2018, with dialysis to subsequently occur three times per week. As a result of this ongoing medical crisis, defense counsel has been out of the office for the majority of the last month and the anticipated depositions of plaintiff and his family have not been able to be completed.

**WHEREAS:** Counsel have met and conferred about the completion of outstanding discovery in this case, it is believed that discovery cannot realistically be completed without a ninety day continuance.

**WHEREAS**: The parties have been diligently attempting to complete all necessary discovery to the extent possible. This discovery has included the performance of an inspection of the Lerdo Pre-trial Facility without photography, the exchange of a written discovery and production of thousands of pages of records relating to issues of both liability and damages, the subpoenaing of third party records regarding plaintiff's medical treatment and billings, and the completion of the depositions of witnesses that were on duty at the time of incident and/or were involved in its investigation, including Deputies A. Gonzalez, Rivero, Dobbs and Harbour, as well as the depositions of several persons most knowledgeable from the County on a variety of topics including: (1) the Prison Realignment Act ("AB 109"), (2) inmate classification, (3) the presence of gangs in the facility, (4) the supervision of inmates and (5) training received by detention deputies on AB 109 and gang culture.

**WHEREAS**: There still remains a significant amount of discovery to be completed, including potential depositions of other persons most qualified on topics relating to the layout of the Lerdo barracks, the intake process of plaintiff at Lerdo, the depositions of plaintiff, his family

members and treating medical providers, and a possible defense medical examination of plaintiff.

**WHEREAS**: The parties have been respectful of the medical crises suffered by each attorney and have delayed discovery out of this respect. Nevertheless, the outstanding discovery is critical and all counsel respectfully request that they are not penalized for compassionately addressing an opposing counsel's family health concerns.

**WHEREAS**: In light of the above described circumstances (as further set forth in the declaration of FONTES below), the existing deadlines are very problematic and would be prejudicial to the parties. The interests of justice would be served by a brief extension of time allowing both sides to complete discovery. Accordingly, it is respectfully submitted that good cause exists for the continuance of the discovery cut off dates in this matter.

**WHEREAS**: To avoid prejudice to all parties, the parties, therefore, stipulate that a continuance of the current scheduled dates in this case is necessary to allow sufficient time to accommodate the litigants' schedules and allow for the completion of discovery, and request the schedule in this case be amended to reflect the following requested dates:

NOW THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL THAT GOOD CAUSE EXISTS TO CONTINUE ALL DATES AS FOLLOWS:

That the dates set forth in the Court's order on July 3, 2018 (Doc. No. 50) shall be continued approximately 90 days allowing both sides to properly complete discovery in the litigation.

All discovery, with the exception of expert discovery, shall be completed by **Monday, January 28, 2019**];

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert they propose to tender at trial not later than **Thursday, March 21, 2019**;

The last day to hear dispositive motions shall be **Thursday, April 18, 2019.**

DATED: October 26, 2018         LAW OFFICES OF RALPH B. WEGIS

                                  /s/    Ralph B. Wegis
                                RALPH B. WEGIS
                                Attorneys for Plaintiff,
                                WESTON ANTHONY SMITH


DATED: October 26, 2018         MARK L. NATIONS, COUNTY COUNSEL

                                  /s/  Marshall S. Fontes
                                MARSHALL S. FONTES,
                                Attorneys for Defendants, COUNTY OF KERN,
                                and DONNY YOUNGBLOOD

## ORDER

For GOOD CAUSE shown, and based upon the mutual Stipulation of all parties to this action, the Court hereby continues the following dates:

All discovery, with the exception of expert discovery, shall be completed by **Monday, January 28, 2019**;

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert they propose to tender at trial not later than **Thursday, March 21, 2019**;

The last day to hear dispositive motions shall be **Thursday, April 18, 2019.**

**Given the number of extensions in this matter that have already been granted, the parties are admonished that no further requests for extensions in this matter will be considered.**

IT IS SO ORDERED.

**DATED: November 5, 2018**

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE