1 | RALPH B. WEGIS, SBN 67966
LAW OFFICES OF RALPH B. WEGIS
1930 TRUXTUN AVENUE
BAKERSFIELD, CALIFORNIA 93301
TELEPHONE: (661) 635-2100
FAX: (661) 635-2107
rwegis@ralphwegis.com

Attorneys for Plaintiff,
WESTON ANTHONY SMITH

MARGO A. RAISON, COUNTY COUNSEL
By: MARSHALL S. FONTES, DEPUTY (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants, COUNTY OF KERN
and DONNY YOUNGBLOOD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN, a public entity,<br>DONNY YOUNGBLOOD, an individual<br><br>    Defendants. | CASE NO: 1:15-CV-01749-MCE-JLT<br><br>**STIPULATION AND ORDER TO CONTINUE DATE FOR INITIAL DISCLOSURE OF EXPERT WITNESSES TO APRIL 3, 2019; DECLARATION OF MARSHALL S. FONTES IN SUPPORT THEREOF** |

    Plaintiff, Weston Anthony Smith, and Defendants, County of Kern and Donny Youngblood, have met and conferred through their respective attorneys of record, and hereby make this joint stipulated request of the Court that the current case schedule be amended to continue the date for the <u>initial disclosure of expert witnesses</u> to April 3, 2019, from the presently scheduled date of March 21, 2019, as set forth below. ALL OTHER SCHEDULED DATES

WOULD REMAIN INTACT AND UNCHANGED.

**WHEREAS**: the Court's initial scheduling order of February 29, 2016, provided that "All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial … The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B)"; and

**WHEREAS**: On or about November 5, 2018, the Court ordered that "All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert they propose to tender at trial not later than Thursday, March 21, 2019"; and that "Given the number of extensions in this matter that have already been granted, the parties are admonished that no further requests for extensions in this matter will be considered"; and

**WHEREAS:** Based on the language of the Court's November 5, 2018, Order, the parties are uncertain as to whether they are required to submit the written report required by Fed. R. Civ. P. 26(a)(2)(B), or instead to file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert they propose to tender at trial; and

**WHEREAS:** Charles Hinkin, Ph.D., a neuro-psychologist, the retained expert to be designated by the Defendants, will be unable to provide the written report required by Fed. R. Civ. P. 26(a)(2)(B) because he has been unable perform an independent medical examination of the Plaintiff due to scheduling difficulties, as set forth in the supporting declaration, and the earliest the examination could be set is March 21, 2019; and

Whereas: The Court's Order of February 29, 2016, provided that "[a]ll experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation"; and

**WHEREAS**: Out of an abundance of caution, and in the interests of justice, the parties do not wish to prejudice their rights or disobey the Court by submitting only the "name, address,

and area of expertise of each expert they propose to tender at trial" as set forth in the Court's November 5, 2018, Order, if the Court intended that "[t]he designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B)" as set forth in the Court's initial scheduling order of February 29, 2016; and

**WHEREAS:** Counsel have met and conferred and are scheduling Plaintiff's examination with Dr. Hinkin on March 21, 2019, the extension of the initial disclosure date to April 3, 2019, would allow the Defendants' expert to prepare a written report in compliance with Fed. R. Civ. P. 26(a)(2)(B) , <u>leaving all other dates unchanged and intact, including the supplemental expert disclosure which is scheduled for April 10, 2019</u>:

NOW THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL THAT GOOD CAUSE EXISTS TO CONTINUE ALL DATES AS FOLLOWS:

That the initial disclosure of expert witnesses shall be served and filed on April 3, 2019. Supplemental expert disclosure shall remain due 20 days from March 21, 2019, by April 10, 2019.

DATED: March __, 2019          LAW OFFICES OF RALPH B. WEGIS

                                /s/   Ralph B. Wegis
                               RALPH B. WEGIS
                               Attorneys for Plaintiff,
                               WESTON ANTHONY SMITH

DATED: March __, 2019          MARGO A. RAISON, COUNTY COUNSEL

                                /s/  Marshall S. Fontes
                               MARSHALL S. FONTES,
                               Attorneys for Defendants, COUNTY OF KERN,
                               and DONNY YOUNGBLOOD

**ORDER**

Good cause having been shown, and based upon the mutual Stipulation of all parties to this action, the Court hereby orders that the initial disclosure of expert witnesses shall be served and filed on April 3, 2019. Supplemental expert disclosure shall remain due 20 days from March 21, 2019, by April 10, 2019.

IT IS SO ORDERED.

Dated: March 13, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE