# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON ANTHONY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01749-MCE-BAK<br><br>ORDER REQUIRING DEFENDANTS' INSURANCE CARRIER TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO HAVE REPRESENTATIVE APPEAR AT SETTLEMENT CONFERENCE<br><br>ORDER CONTINUING SETTLEMENT CONFERENCE TO SEPTEMBER 21, 2022, TO BE HELD IN PERSON AT COURT<br><br>ORDER DIRECTING THE PARTIES TO CONTACT COURTROOM DEPUTY TO SCHEDULE INFORMAL SETTLEMENT DISCUSSIONS PRIOR TO CONTINUED SETTLEMENT CONFERENCE<br><br>(ECF No. 93) |

    A settlement conference was held in this action on June 1, 2022. (ECF No. 93.) Ralph Wegis and Haytham Faraj appeared on behalf of Plaintiff. Marshall Fontes and James Weakley appeared on behalf of Defendants.

    On November 17, 2021, prior the reassignment of this action, then Magistrate Judge Thurston set a settlement conference before herself to be held on January 28, 2022, via videoconference. (ECF No. 80.) The order specified that unless otherwise permitted in advance, the attorneys who will try the case shall appear at the Settlement Conference with the parties and

the person or persons having full authority to negotiate and settle the case on any reasonable terms. (ECF No. 80 at 1.) The order further specified that "[i]nsurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like may be represented by a person whose recommendations about settlement are relied upon by the ultimate decision makers." (Id. at 1 n.1.)

On December 22, 2021, the settlement conference in this action was reset by minute order before Magistrate Judge Stanley A. Boone, to be held in Courtroom 9. (ECF No. 82.) On January 6, 2022, this action was temporarily referred to Magistrate Judge Boone. (ECF No. 83.) On February 18, 2022, pursuant to the parties' stipulation, the Court continued the settlement conference to April 4, 2022, specifying that the conference would be held in Courtroom 9. (ECF Nos. 86, 87.) The conference was then continued by minute order until April 29, 2022. (ECF No. 88.) On April 21, 2022, pursuant to the parties' stipulation, the Court continued the settlement conference until June 1, 2022. (ECF No. 91.) The order specified that the settlement conference would be held "at 1:00 p.m. at the United States District Court in Bakersfield, 510 19th St, Bakersfield, CA 93301." (ECF No. 91 at 3.) The docket entry specifically provided the same information concerning the address of the settlement conference. (Id.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

No representative of the insurance carrier for the Defendants appeared at the June 1, 2022 settlement conference. The Court shall order Defendants' insurance carrier, by submission through Defendants' current counsel, or by making a special appearance or otherwise, to show cause why sanctions should not be imposed for the failure to have the person or persons having full authority to negotiate and settle the case appear at the settlement conference.

The Court shall continue the settlement conference until September 21, 2022.  Further, prior to the Court's holding of the continued conference, the parties shall contact the Courtroom Deputy to arrange for the setting of informal conferences with the respective parties in order to ensure the parties are in a sufficient posture to hold the settlement conference, and to ensure the holding of the settlement conference has the potential to be productive and meaningful.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' insurance carrier, through Defendants' counsel or by special appearance, shall show cause in writing within **five (5) days** of the date of entry of this order why monetary sanctions should not issue for the failure to appear at the June 1, 2022 settlement conference;

2. The settlement conference is CONTINUED to **September 21, 2022**, at 10:30 a.m., to be held in person at the United States District Court in Bakersfield, 510 19th St, Bakersfield, CA 93301;

3. The Court shall contact, through its Courtroom Deputy, the parties to arrange informal conferences to be held prior to the conference; and

4. Failure to comply with this order will result in the issuance of sanctions.[1]

IT IS SO ORDERED.

Dated:   **June 1, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendants' counsel fails to provide notice to its insurance carrier or ensure a response is provided, sanctions or a further order to show cause against Defendants may issue.